# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Robert L. Henley and Julie A. Henley

**Case Number:** 04-10155

### Document Information

**Description:** Order Granting in Part, Denying in Part [57-1] Application For Compensation ( Fees: $24781.33, Expenses: $ 178.23) by Richard J Parmley Jr. NOTE: See Order for details

**Received on:** 2005-08-23 09:20:28.000

**Date Filed:** 2005-08-23 00:00:00.000

**Date Entered On Docket:** 2005-08-23 00:00:00.000

### Filer Information

**Submitted By:** Mary Anderson

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
Robert L. Henley and
Julie A. Henley,
    Debtors.                      No. 13 - 04-10155 - SF

**ORDER ON FEE APPLICATION
FILED BY DEBTOR'S COUNSEL**

On July 28, 2005, the Court conducted an evidentiary hearing on the Application for Allowance and Payment of Compensation and Reimbursement of Expenses and Costs and for Shortened Objection Deadline ("Application") (doc 57) filed by Debtors' counsel ("Counsel") and the objections thereto filed by the Chapter 13 Trustee (docs 62 and 69). On August 9, 2005, the Court entered an interim stipulated order granting in part the Application and permitting Counsel to begin receiving payments (doc 73).

    The issue at the evidentiary hearing, which was not resolved by the interim stipulated order, was what portions of the prepetition services rendered to the Debtors were "for representing the interests of the debtor in connection with the bankruptcy case". See 11 U.S.C. § 330(a)(4)(B), incorporated into 11 U.S.C. § 503(b)(2). (The parties stipulated that all the post petition services were

Case 04-10155-s13    Doc 76    Filed 08/23/05    Entered 08/23/05 14:06:00 Page 2 of 10

compensable.)  Such prepetition services are to be treated as administrative claims of the estate.  In re Busetta-Silvia, 314 B.R. 218 (10th Cir. B.A.P. 2004).  Counsel's time sheets, attached to the Application and admitted into evidence as Exhibit 1, together with the testimony of Counsel, constituted the evidence.

Having reviewed the evidence and arguments of counsel, the Court finds that a substantial portion of the prepetition fees were incurred for work that was undoubtedly helpful to the Debtors and, to put it mildly, very well done, but nevertheless not done "in connection with the bankruptcy case" as such.  Those portions of the prepetition fees are therefore not allowable as administrative claims against the estate.

There is no bright line between "in connection with" the bankruptcy case and not in connection with the case.  Busetta-Silvia cites the standard used in an unpublished case, In re Scribner, No. 401-44799 (Bankr.N.D.Tex. Aug. 7, 2002).  In re Busetta-Silvia, 314 B.R. at 265: "[T]he [Scribner] Court concludes that fees are incurred 'in connection with' a bankruptcy case when the client has chosen bankruptcy as the means through which to resolve his financial difficulties and counsel thus begins to prepare for an actual filing under Chapter 13."  (Internal quotation marks and citations

omitted.)  Using this standard is only partially helpful in this case, because the Debtors and Counsel clearly anticipated the filing of a bankruptcy petition from the outset of the representation yet much of the work was much more directly related to resolving the problems in a state-court context; e.g., filing answers and appearing in the state court actions. The work in <u>Scribner</u> was pretty much "before and after"; there was a pretty clear dividing line in that case between when the debtor was seeking other ways to solve the problem and when the debtor turned to bankruptcy as the solution.  In this case, the Henleys and Counsel from the outset determined that bankruptcy was at least a solution, if not the solution, and therefore entries for work in other courts is intermingled with entries for clearly bankruptcy related work.  The mere fact that the beginning of the time entries start with a bankruptcy related entry cannot serve to make all subsequent entries related enough to the bankruptcy case to qualify fora administrative payment.  Undoubtedly these other actions can be construed to have been in some vague way done "in connection with" the bankruptcy case, but the connection is too tenuous to justify treatment of the fees as administrative claims against the estate.

 Which portions are allowable and which not are set out on

the attached four pages from the Application, covering the period from August 2, 2002, through January 9, 2004.  The entries starting on page 5 of the Application, including the first entry for January 12, 2004 (the petition date), through to the end, are allowed in their entirety.  The Court makes no ruling on the issue of how the disallowed portion of the fees are to be treated.  <u>See</u> <u>In re Busetta-Silvia</u>, 314 B.R. at 227, n. 44 ("If the attorney for the debtor is required to delegate some of his or her fee to the status of an unsecured creditor, he or she has a vested interest in seeing the debtor pay as high a percentage of the unsecured debt as possible. The debtor, on the other hand, is best served by proposing a plan that calls for the minimum amount necessary to meet confirmation standards. These two interests are at unescapable odds.").

   IT IS THEREFORE ORDERED that the Application is granted in full as to all entries from January 12, 2004 forward, and the Application for the period from August 2, 2002, through January 9, 2004 is granted and denied as set out in the attached four pages; and

   IT IS FURTHER ORDERED that Counsel shall prepare a form of order consistent with this ruling and taking into account the interim stipulated order (doc 73), which form of order

shall calculate the exact amount of compensation and reimbursement to which Counsel is entitled and for treatment as an administrative claim and shall disallow for administrative claim treatment the remainder.

                                                           _____
                                                           James S. Starzynski
                                                           United States Bankruptcy Judge

COPY TO:

Richard J Parmley, Jr
232 N Schwartz Ave
Farmington, NM 87401 -5547

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102 -3111

United States Trustee
P.O. Box 608
Albuquerque, NM 87103

I hereby certify that on August 23, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

                                                           _____
                                                           Mary B. Anderson

**Richard J. Parmley, Jr., P.C.**
232 N. Schwartz
Farmington, NM 87401

Ph: 505-327-0496          Fax: 505-326-2624

Robert Henley                                 Jun 15/05
6205 Ensenada Way
Farmington, NM 87401

| | | File #: | 020109BR13 |
|---|---|---|---|
| **Attention:** | | Inv #: | Sample |

**RE:**     HENLRO.020109BR Chapter 13

| DATE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| Aug-02-02 | Initial interview regarding Internal Revenue problems and possible Bankruptcy, phone conference with Citizens Bank, phone conference with Dave Rehbein at IRS. | 1.50 | 262.50 |
| Aug-07-02 | STAFF TIME: Draft answer to Bank of America Mortgage's complaint for foreclosure and file. | 0.50 | 20.00 |
| Aug-22-02 | Conference with Robert and Ernie Sells from IRS. | 1.00 | 175.00 |
| Sep-18-02 | Review levy from IRS and Motion for Default, phone conference with client. | 0.80 | 140.00 |
| Sep-24-02 | STAFF TIME: Begin work on Chapter 13 Bankruptcy. | 4.00 | 160.00 |
| Sep-25-02 | STAFF TIME: Review and revise Schedules and Statement of Financial Affairs, go through and highlight information still required from clients. | 0.50 | 20.00 |
| Oct-08-02 | Conference with Ginny Smalley at Citizens regarding work out, instruction to staff re: Bank of America Complaint. | 0.80 | 140.00 |
| Oct-30-02 | Phone conference with Robert, conference with Julie to review and revise Schedules, instruction to staff, note to file. | 0.80 | 140.00 |
| Oct-31-02 | STAFF TIME: Review and revise Bankruptcy documents. | 3.00 | 120.00 |
| Nov-03-02 | Review and revise Schedules and Statement of Financial Affairs, instruction to staff. | 0.50 | 87.50 |
| Nov-04-02 | Phone conference with Dave Rehbein at IRS. | 0.30 | 52.50 |
| | STAFF TIME: Letter to Julie, letter to Ginny Smalley at Citizens Bank. | 0.20 | 8.00 |
| Nov-14-02 | Review and revise Schedules and Statement of Financial Affairs, instructions to staff. | 0.50 | 87.50 |

**EXHIBIT A**

June 15, 2005

| Date | Description | Hours | Amount |
|---|---|---|---|
| Nov-18-02 | STAFF TIME: Review and revise bankruptcy documents, letters to Rehbein and Bloomfield. | 1.00 | 40.00 |
| Nov-19-02 | Review file, instructions to staff, note to file, call client (left message), letter to clients. | 0.50 | 87.50 |
| Nov-21-02 | Review and revise Petition, Schedules, and Statement of Financial Affairs, phone conference with Robert, phone conference with Julie, ~~Answer All Paint Complaint~~. [handwritten: p -1.00 / 2.80] | 3.80 | 665.00 |
| Nov-22-02 | Review financial and payment history on secured loans to calculate arrearages, draft plan analysis, instructions to staff, review and revise Schedules and Statement of Financial Affairs. | 1.60 | 280.00 |
| Nov-25-02 | Review and revise Chapter 13 plan and plan analysis, instructions to staff regarding payoff vs. arrearage on Citizens loans. | 0.80 | 140.00 |
| | STAFF TIME: Work on Bankruptcy. | 1.00 | 40.00 |
| Nov-26-02 | STAFF TIME: Work on IRS forms, tax amounts. | 0.40 | 16.00 |
| Jan-07-03 | Review file, call to client, instructions to staff. | 0.20 | 35.00 |
| Jan-08-03 | Review Petition and Schedules, review and revise plan and plan analysis, instructions to staff, note to file. | 1.00 | 175.00 |
| Jan-09-03 | Phone conference with Ginny at Citizens Bank regarding arrearages, note to file, instruction to staff, review loan status re: calculate arrearages, phone conference with client regarding upcoming hearing. | 1.50 | 262.50 |
| Jan-10-03 | STAFF TIME: Work on Petition and Schedules, Chapter 13 plan, and plan analysis. | 2.00 | 80.00 |
| Jan-13-03 | STAFF TIME: Review and revise Petition, Schedules, and Statement of Financial Affairs, Chapter 13 plan, and plan analysis. | 2.00 | 80.00 |
| Jan-22-03 | Review and revise Plan and Schedules. | 1.00 | 175.00 |
| Feb-10-03 | Review file, phone conference with Shapiro & Meinhold, fax to Attorney Hankla, instructions to staff, letter to client, answer ~~to American Furniture's~~ Complaint. [handwritten: p -.50 / .50] | 1.00 | 175.00 |
| Feb-11-03 | STAFF TIME: Answer American Furniture's complaint, file maintenance, fax to Hankla, file by fax the Order to Set Aside Judgment, letter to clients, answer Watson's complaint, fax to Attorney Val Jolley regarding response to request for production. | 1.50 | 60.00 |
| Mar-10-03 | STAFF TIME: Work on responses to All Paint's request for production. | 2.00 | 80.00 |
| Mar-11-03 | Phone conference with Attorney Joe Palmer at Citizens, call to Sharon Hankla, instruction to staff re: letter to Attorney Joe Palmer, letter to Sharon Hankla. | 1.30 | 227.50 |
| Mar-12-03 | STAFF TIME: Letter to Joe Palmer, letter to Sharon Hankla, motion and order for continuance. | 0.20 | 8.00 |

June 15, 2005

| Date | Description | Hours | Amount |
|---|---|---|---|
| Mar-25-03 | Phone conference with Attorney Sharon Hankla regarding status of Citizens assignment, phone conference with Attorney Joe Palmer, review Hankla letter to Palmer. | 0.80 | 140.00 |
| Mar-26-03 | Conference with client regarding Citizens Bank workout, phone conference with Attorney Joe Palmer. Answer discovery in All Paint vs. Henley case, instructions to staff, phone conference with NMPRC re: Corporation status, note to file. | 1.50 | 262.50 |
| Mar-27-03 | Review corporate documents and staff memorandum, instruction to staff. | 0.30 | 52.50 |
|  | STAFF TIME: Work on responses to All Paint's request for production. | 1.00 | 40.00 |
| Apr-08-03 | Phone conference with client, phone conference with Carl Garling at Citizens Bank, note to file. | 0.25 | 43.75 |
| Apr-09-03 | Conference with client and bank representatives Carl Garling, Joe Palmer, and Ginney Smalley. | 2.00 | 350.00 |
| Apr-10-03 | Phone conference with Attorney Hankla regarding BA vs. Henley, phone conference with Joe Palmer regarding new request for payoff numbers, note to file, instruction to staff. | 0.80 | 140.00 |
| Apr-17-03 | Phone conference with Attorney Joe Palmer regarding status of assignment. | 0.20 | 35.00 |
| Apr-18-03 | Phone conference with Carl Garling at Citizens. | 0.50 | 87.50 |
| Apr-21-03 | Phone conference (3) with Ginny at Citizens, two phone calls to Sharon Hankla regarding payoff amount, three phone conferences with Attorney Joe Palmer regarding status of wire transfer and work on change in terms of agreement, conference call with Court. | 1.50 | 262.50 |
| Apr-23-03 | Phone conference with Robert regarding status of mortgage at Citizens. | 0.50 | 87.50 |
| Apr-24-03 | Phone conference with Robert, phone conference with Ginny at Citizens regarding terms of loans, instructions to staff. | 0.50 | 87.50 |
| Apr-29-03 | Conference with Robert, phone conference with Attorney Palmer's office, phone conference with Karl Garling. | 1.30 | 227.50 |
| Apr-30-03 | Review documents, phone call to Karl Garling. | 0.50 | 87.50 |
| May-02-03 | Prepare for trial, appear with client at Magistrate Court on Watson vs. Henley, phone conference with Attorney Sharon Hankla, conference with with Carl Garling. | 2.00 | 350.00 |
| May-07-03 | Draft Stipulated Motion and Order Setting Aside Default Judgment, phone call to Attorney Sharon Hankla. | 1.00 | 175.00 |
| May-08-03 | Phone conference with Cheryl at Citizens, phone conference with client. | 0.25 | 43.75 |
| May-09-03 | Phone conference with Robert, review Order Setting Aside Judgment. | 0.30 | 52.50 |
| May-12-03 | Phone conference with Bill Bloomfield at NM Taxation & Revenue, call to client, letter to Sharon Hankla, note to file. | 0.80 | 140.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| May-14-03 | Phone conference to Sharon Hankla, two phone calls to client, left message. | 0.50 | 87.50 |
| May-15-03 | Phone conference with Robert, two phone conferences with Citizens, phone call to Sharon Hankla regarding endorsement of note. | 0.50 | 87.50 |
| May-29-03 | Phone conference (2) with Helen at Magistrate Court, phone conference with Gene Watson, note to file. | 0.50 | 87.50 |
| Jun-19-03 | Phone conference with Bill Bloomfield at NM Taxation & Revenue regarding payment agreement. | 0.25 | 43.75 |
| Jun-30-03 | Phone conference with Attorney Joe Palmer's office regarding dismissal of foreclosure action. | 0.20 | 35.00 |
| Aug-05-03 | STAFF TIME: File maintenance. | 0.50 | 20.00 |
| Aug-08-03 | Review file, conference call with Danoff and Lavender regarding Arbitration. | 0.50 | 87.50 |
| Aug-11-03 | Phone conference with Robert regarding American Furniture Complaint. | 0.30 | 52.50 |
| Aug-12-03 | Conference with client to prepare for American Furniture suit, phone conference with IRS, phone conference with Ginny at Citizens, pick up printouts of Citizens' notes, phone conference with Attorney Mike Danoff's office, review and revise Schedules and Statement of Financial Affairs, instructions to staff, call to client regarding additional information. | 2.00 | 350.00 |
| Aug-13-03 | Phone conference with Attorney Mike Danoff, phone conference with client, instructions to staff, note to file regarding settlement, phone conference with Arbitrator Lavender regarding settlement. | 1.00 | 175.00 |
| Aug-26-03 | Phone conference with Ginny at Citizens Bank, phone conference with Robert. | 0.20 | 35.00 |
| Oct-22-03 | Conference with Robert to prepare for Hearing. | 1.30 | 227.50 |
| Oct-23-03 | Prepare for Hearing on All Paint's Motion to Compel, appear at Hearing. | 2.20 | 385.00 |
| Nov-03-03 | Review Schedules and Statement of Financial Affairs, conference with clients to review budget and Citizens Bank default. | 1.50 | 262.50 |
| ~~Nov-30-03~~ | ~~Fee Discount~~ | | ~~-500.00~~ N/A |
| Dec-18-03 | Review Schedules, instruction to staff regarding copy and answers to all discovery in All Paint, review discovery. | 1.00 | 175.00 |
| Jan-06-04 | Phone conference with Attorney Joe Palmer. | 0.20 | 40.00 |
| Jan-09-04 | Review and revise Schedules and Statement of Financial Affairs, phone conference with Robert, phone conference with Julie, phone conference with Ginney at Citizens Bank regarding copies of notes, phone conference with Dave Rehbein at IRS. | 3.50 | 700.00 |

Handwritten annotations: "OK -1.00" next to Aug-12-03; "1.00 OK" in margin.